IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

CARL OLSON, individually, and on behalf of all individuals similarly situated,

     Plaintiff,

v.

FREIGHTCO ACQUISITIONS LLC, and
BRADLEY MCDONALD, individually, and in his official corporate capacity,

     Defendants.

---

## PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT

---

Plaintiff, Carl Olson ("Plaintiff"), individually, and on behalf of all other persons similarly situated, alleges as follows:

### PRELIMINARY STATEMENT

1.     This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendants' failure to pay Plaintiff and other similarly-situated employees all earned overtime wages.

2.     This lawsuit also arises under the Colorado Wage Act ("CWA"), Colorado Revised Statutes ("CRS") § 8-4-101, et seq., Colorado Overtime & Minimum Pay Standards ("COMPS") Order #36, and all previous COMPS Orders in place during the relevant time period for Defendant Freightco Acquisitions LLC's failure to pay Plaintiffs and other similarly-situated employees all earned overtime.

3.      Plaintiff brings this action on behalf of himself and all similarly-situated current and former Freight Brokers of Defendants who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

4.      Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants[1] for their unlawful failure to pay overtime in violation of the FLSA.

5.      Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendant Freightco Acquisitions LLC for its unlawful failure to pay overtime in violation of the COMPS Order at all relevant times.

6.      Plaintiff brings a collective action under the FLSA to recover the unpaid overtime wages owed to him individually and on behalf of all other similarly-situated Freight Brokers, current and former, of Defendants.  Members of the Collective Action are referred to as the "Collective Members."

7.      Defendant Freightco Acquisitions LLC's failure to compensate Plaintiff and all similarly-situated employees who worked as Freight Brokers at a rate equal to one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek violates all relevant COMPS Orders.  Plaintiff, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid overtime wages and other damages owed under Colorado wage laws.  Members

---

[1] All Defendants to this action are collectively referred to as either "Freightco" or "Defendants" unless specified otherwise.

of the Rule 23 Class Action who work or worked as Freight Brokers at any time starting three years before this complaint was filed are referred to as the "Class Members."

8.      Plaintiff and the Collective Members are current and former employees of Defendants and bring this action on behalf of themselves and all similarly-situated current and former Freight Brokers who Defendants misclassified as "exempt" from overtime under the FLSA, and who were therefore not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

9.      Plaintiff and the Class Members are current and former employees of Defendants and bring this action on behalf of themselves and all similarly-situated current and former Freight Brokers who Defendant. Freightco Acquisitions LLC misclassified as "exempt" from overtime under the relevant COMPS Orders, and who were therefore not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

10.     The Collective Members and Class Members are all current and former Freight Brokers who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

11.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek.

## JURISDICTION AND VENUE

12.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this action arises under the Constitution and laws of the United States.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1367 because this action contains claims arising under Colorado law that are so related to Plaintiff's claims under 29 U.S.C. § 201, *et seq.* that they form part of the same case or controversy under Article III of the United States Constitution.

14.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Colorado, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

## **PARTIES**

15.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

16.     At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Denver County, Colorado, and is a former employee of Defendants.

17.     At all material times, Plaintiff was a full-time employee of Defendants who worked as a Freight Broker from approximately February 2019 through approximately June 2019.

18.     At all material times, Plaintiff was employed by Defendants and paid as an exempt employee.

19.     At all relevant times, Defendants employed Freight Brokers to perform various non-exempt duties, including, but not limited to, cold-calling and emailing current and potential customers to obtain the customer's agreement to ship their freight using Freightco's services, and cold-calling current and potential carriers and securing contracts for the carriers to transport Freighco's customers' freight at the lowest possible cost.

20.     At all material times, Plaintiff was an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1).

21.     At all material times, Plaintiff was a non-exempt employee under 29 U.S.C. § 213(a)(1).

22.     At all material times, Plaintiff was a non-exempt employee under 29 U.S.C. § 213(a)(1).

23.     At all material times, Plaintiff was an employee of Defendants as defined by the CWA and all relevant COMPS Orders.

24.     At all material times, Defendant Freightco Acquisitions LLC was Plaintiff's employer as defined by the CWA and all relevant COMPS Orders.

25.     At all material times, Plaintiff was a non-exempt employee under the CWA and all relevant COMPS Orders.

26.     Plaintiff has given his written consent to be a party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

27.     Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated who are current or former Freight Brokers of Defendants, including but not limited to current or former Freight Brokers of Defendants who agree in writing to join this action seeking recovery under the FLSA.

28.     Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated current and former employees of Defendants–specifically, current or former Freight Brokers of Defendants who Defendants misclassified as "exempt" from overtime under the FLSA and, therefore, did not receive an overtime premium for time spent working in excess of 40 hours in a given workweek.

29.     Defendant Freightco Acquisitions LLC is a Colorado limited liability company, authorized to do business in the State of Colorado and was at all relevant times Plaintiff's and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

30.     Under the FLSA, Defendant Freightco Acquisitions LLC is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Freightco Acquisitions LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's

and the Collective Members' employment with Freighco.  Having acted in the interest of Freightco in relation to their employees, including Plaintiff, Freightco Acquisitions LLC is subject to liability under the FLSA.

31.     Under the FLSA, Defendant Bradley McDonald is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Bradley McDonald was the owner of Freighco.  At all relevant times, he had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Freightco.  A person who acted in the interest of Freighco in relation to Freightco's employees, including Plaintiff, Defendant Bradley McDonald is subject to individual liability under the FLSA.

32.     Defendants, and each of them, are sued in both their individual and corporate capacities.

33.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff and the Collective Members.

34.     At all relevant times, Plaintiff and the Collective Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

35.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

36.     At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq*.

37.     At all material times, Plaintiff was an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1).

38.     At all material times, Plaintiff was a non-exempt employee under 29 U.S.C. § 213(a)(1).

39.     At all material times, Plaintiff was a non-exempt employee under 29 U.S.C. § 213(a)(1).

40.     At all material times, Plaintiff was an employee of Defendants as defined by the CWA and all relevant COMPS Orders.

41.     At all material times, Defendant Freightco Acquisitions LLC was Plaintiff's employer as defined by the CWA and all relevant COMPS Orders.

42.     At all material times, Plaintiff was a non-exempt employee under the CWA and all relevant COMPS Orders.

43.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's, the Collective Members', and the Class Members' work and wages at all relevant times.

44.     At all relevant times, Plaintiff, the Collective Members, and the Class Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

45.     At all relevant times, Plaintiff, the Collective Members, and the Class Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

46.     At all relevant times, all Defendants were joint employers of Plaintiff and the Collective Members.  At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff and the Collective Members; and (2) Defendants were under common control.  In any event, at all relevant times, Defendants were joint employers under the FLSA, 29 C.F.R. § 791.2(b), and *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 917-918 (9th Cir. 2003), and employed Plaintiff and the Collective Members.

## FACTUAL ALLEGATIONS

47.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

48.     Defendants own and/or operate as Freightco Acquisitions LLC, an enterprise located in Denver County, Colorado.

49.     Freightco is a third-party logistics company headquartered in Denver, Colorado, that facilitates the domestic transportation of nationally.

50.     Freightco functions as a broker connecting companies that need to ship freight with carriers to ship that freight.

51.     Freightco receives fees from customers with freight to ship, and it makes payments to carriers to ship that freight.

52.    Freightco's profit derives from the margin between the fees it collects from customers and the payments it makes to carriers.

53.    At all relevant times in their work for Defendants as Freight Brokers, Plaintiff and the Collective Members performed and continue to perform straightforward inside sales tasks.

54.    At all relevant times in their work for Defendants, Freight Brokers had and have the primary job duties of cold-calling current and potential customers and selling Freightco's services to them.  They call and email current and potential customers to obtain the customer's agreement to ship their freight using Freightco's services.  Their primary job duties also include cold-calling current and potential carriers and securing contracts for the carriers to transport Freightco customers' freight.  Freight Brokers obtain customers' agreements to ship their freight with Freightco and then must find a carrier to ship that freight at the lowest possible cost.

55.    At all relevant times in their work for Defendants, Freight Brokers are and have been classified as FLSA- and CWA-exempt and paid a base salary.

56.    On approximately February 1, 2019, Plaintiff began employment with Defendants as a Freight Broker, performing primarily non-exempt tasks, such as the aforementioned primary duties.

57.    Defendants paid Plaintiff $55,000 annually for his work as a Freight Broker.

58.    Rather than paying their Freight Brokers –including Plaintiff, the Collective Members, and the Class Members –an overtime premium for time spent working in

excess of 40 hours in a given workweek, Defendants misclassified them as "exempt" in order to avoid their responsibilities under the FLSA.

59.     In a given workweek, and during each and every workweek, of Plaintiff's employment with Defendants, he worked between five (5) and fifteen (15) hours of overtime without being compensated at one-and-one-half times his regular rate of pay for such time worked.

60.     In a given workweek, Plaintiff and the Class Members worked in excess of 12 hours within a single day without being compensated one and one-half times their regular rates of pay for such work performed, in violation of the CWA and all relevant COMPS Orders.

61.     In their work for Defendants, Plaintiff, the Collective Members, and the Class Members were non-exempt employees.

62.     At all relevant times, Defendants have required and require Freight Brokers to be constantly available by phone and email and immediately responsive to customers' and carriers' needs, as well as in touch with each other to monitor ever-changing freight needs and carrier availability.

63.     At all relevant times, Freightco has required and requires Freight Brokers to work continuously throughout the day, communicating with potential and current customers and carriers by phone, text, and email, finalizing shipping arrangements and contracts.

64.     Freightco also sets challenging sales quotas, enforces them harshly, and fosters an intensely competitive culture.

65.     These factors caused Plaintiff, the Collective Members, and the Class Members to consistently work significant overtime.

66.     In addition, Plaintiff, the Collective Members, and the Class Members worked and work extensive time outside of normal business hours, during mornings, evenings, and weekends.

67.     In their work for Defendants, Plaintiff, the Collective Members, and the Class Members were not outside sales employees.

68.     In their work for Defendants, Plaintiff, the Collective Members, and the Class Members were not commissioned sales employees half of whose total earnings consisted of commissions.

69.     At no point during any workweek during which Plaintiff, the Collective Members, and the Class Members worked for Defendants did more than half of their total earnings consist of commissions.

70.     In their work for Defendants in the Covered Positions, Plaintiff's, the Collective Members', and the Class Members' primary duty was not managing the enterprise that is Freightco, or managing a customarily recognized department or subdivision of the enterprise that is Freightco.

71.     In their work for Defendants as Freight Brokers, Plaintiff, the Collective Members, and the Class Members did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent.

72.     In their work for Defendants as Freight Brokers, Plaintiff, the Collective Members, and the Class Members did not have the authority to hire or fire other

employees, nor were their suggestions or recommendations as to the hiring, firing, advancement, promotion, or any other change in status of other employees given particular weight.

73.      In their work for Defendants as Freight Brokers, Plaintiff's, the Collective Members', and the Class Members' primary duty was not the performance of office or non-manual work directly related to the management or general business operations of Freightco or Freightco's customers.

74.      In their work for Defendants as Freight Brokers, Plaintiff's, the Collective Members', and the Class Members' primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

75.      From the beginning of Plaintiff's, the Collective Members', and the Class Members' employment through the present day, Defendants failed to properly compensate Plaintiff, the Collective Members, and the Class Members for any of their overtime hours.  During each and every workweek during which Plaintiff, the Collective Members, and the Class Members worked for Defendants, they worked approximately forty-five (45) to fifty-five (55) hours per week, including routinely working through lunch periods, routinely working from home after regular business hours, and routinely working from home on weekends for which time Defendants failed to accurately record Plaintiff's, the Collective Members', and the Class Members' time worked while suffering or permitting them to work nonetheless.

76.      Defendants refused and/or failed to properly disclose to or apprise Plaintiff and the Collective Members of their rights under the FLSA.

77.     Defendants engaged in the regular practice of willfully failing to pay Plaintiff, the Collective Members, and the Class Members one-and-one-half times their regular rates of pay for all time that they suffered or permitted Plaintiff, the Collective Members, and the Class Members to work in excess of forty (40) hours per workweek.

78.     As a result of Defendants' willful failure to pay Plaintiff, the Collective Members, and the Class Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, Defendants paid Plaintiff, the Collective Members, and the Class Members less than the applicable overtime wage rate for such work that Plaintiff and the Collective Members performed in excess of forty (40) hours per workweek.

79.     Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiff, the Collective Members, and the Class Members to work.  As such, Plaintiff's, the Collective Members', and the Class Members' time records understate the duration of time each workweek that Defendants suffered or permitted Plaintiff, the Collective Members, and the Class Members to work.

80.     As a result of Defendants' willful failure to compensate Plaintiff and the Collective Members the applicable overtime wage rate for such hours worked, Defendants have violated 29 U.S.C. § 207(a).

81.     As a result of Defendants' willful failure to compensate Plaintiff and the Class Members the applicable overtime wage rate for such hours worked, Defendants have violated the CWA and all relevant COMPS Orders.

82.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff, the Collective Members, and the Class Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff's, the Collective Members', and the Class Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

83.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiff and the Collective Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek.

84.     Defendants have and continue to willfully violate the CWA and all relevant COMPS Orders by not paying Plaintiffand the Class Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek.

85.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and the Collective Members' work and wages at all relevant times.

86.     In a given workweek, and during each and every workweek of Plaintiff's and the Collective Members' employment with Defendants, Plaintiff and the Collective Members worked for Defendants for more than 40 hours and were not paid the applicable overtime wage premium of one and one-half times their regular rates of pay under the FLSA 29, U.S.C. § 207(a).

87.    In a given workweek, and during each and every workweek of Plaintiff's and the Class Members' employment with Defendants, Plaintiff and the Class Members worked for Defendants for more than 40 hours and were not paid the applicable overtime wage premium of one and one-half times their regular rates of pay under the CWA and all relevant COMPS Orders.

88.    Plaintiff and the Collective Members are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

89.    Plaintiff and the Class Members are covered employees under the CWA and all relevant COMPS Orders.

90.    Defendants wrongfully withheld wages from Plaintiff, the Collective Members, and the Class Members by failing to pay all wages due for hours they worked.

91.    Due to Defendants' illegal wage practices, Plaintiff and the Collective Members are entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

92.    Due to Defendants' illegal wage practices, Plaintiff and the Class Members are entitled to recover from Defendants compensation for unpaid overtime wages, interest, and reasonable attorney's fees and costs of this action under the CWA and all relevant COMPS Orders.

## COLLECTIVE ACTION ALLEGATIONS

93.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

94.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as representatives of individuals similarly situated who are current or former Freight Brokers of Defendants.

95.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as representatives of individuals similarly situated who are current and former Freight Brokers of Defendants, who are not or were not paid one-and-one-half times their regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work, in violation of pursuant to 29 U.S.C. § 207(a), who agree in writing to join this lawsuit seeking recovery under the FLSA.

96.     At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay and one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work.  Plaintiff's claims stated herein are essentially the same as those of the Collective Members.  This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical.

97.     Plaintiff and the Collective Members worked more than forty (40) hours in a given workweek without being compensated for the hours worked in excess of forty (40) during that workweek.  Further, Plaintiff and the Collective Members worked more than forty (40) hours in a given workweek without being compensated for the overtime hours worked during that workweek.

98.     Plaintiff and the Collective Members were all paid a base annual salary, regardless of how many hours they worked per workweek.

99.     In a given workweek, and during each and every workweek, of Plaintiff's and the Collective Members' employment with Defendants, they worked between five and fifteen (15) or more hours of overtime without being compensated at one-and-one-half times their regular rate of pay for such time worked.

100.    Although Defendants suffered or permitted Plaintiff and the Collective Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40) in a given workweek.

101.    The Collective Members perform or have performed the same or similar work as the Plaintiff.

102.    The Collective Members regularly work or have worked in excess of forty (40) hours during a given workweek.

103.    The Collective Members are not exempt from receiving overtime pay.

104.    As such, the Collective Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime.

105.    Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Collective Members.

106.    The experiences of Plaintiff, with respect to his pay, is typical of the experiences of the Collective Members.

107.    The specific job titles or precise job responsibilities of each Collective Member does not prevent collective treatment.

108.    All class members, irrespective of their particular job requirements, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

109.    Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula.  The claims of all Collective Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

110.    As such, Plaintiff brings his FLSA overtime claim as a collective action on behalf of the following class:

> **The FLSA Collective Members are all of Defendants' current and former Freight Brokers who worked for Defendants at any time starting <u>three years before this lawsuit was filed up to the present</u>.**

111.    Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by manipulating and/or failing to properly record the hours the employees work.

112.   Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium of not less than one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) per workweek.

113.   Defendants' unlawful conduct has been widespread, repeated, and consistent.

114.   This action is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

115.   The Collective Members perform or have performed the same or similar work as Plaintiff.

116.   Upon information and belief, the individuals similarly situated to Plaintiff include more than fifty (50) employees currently and/or formerly employed by Defendants, and Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession or control, but it can be readily ascertained from their employment records and the records of its payroll processor.

117.   Notice can be provided to the Collective Members via first class mail to the last address known to Defendants, via email at the last known email address known to Defendants, via text message at the last known telephone number known to Defendants, and via workplace posting.

118.   Plaintiff's claims stated in this complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action

because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

## **CLASS ACTION ALLEGATIONS**

119.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

120.    Plaintiff brings his Colorado overtime claims as a Rule 23 class action on behalf of the following subclasses:

> **The Colorado Class Members are all of Defendants' current and former Freight Brokers who worked for Defendants at any time starting <u>three years before this lawsuit was filed up to the present</u>.**

121.    <u>Numerosity</u>.  The number of Class Members is believed to be over one hundred.  This volume makes bringing the claims of each individual Class Action Member before this Court impracticable.  Likewise, joining each individual Class Action Member as a plaintiff in this action is impracticable.  Furthermore, the identity of the Class Action Members will be determined from Defendant Freightco Acquisitions LLC's records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the Class Members and Defendant Freightco Acquisitions LLC.

122.    <u>Typicality</u>.  Plaintiff's claims are typical of the Class Members because like the Class Members, Plaintiff was subject to Defendants' uniform policies and practices and was compensated in the same manner as the other Class Members.  Defendants regularly suffered or permitted Plaintiff and the Class Members to work in excess of 40 hours in a given workweek without paying an overtime premium for such time.

Defendants also regularly suffered or permitted Plaintiff and the Class Members to work in excess of 12 hours within a single day without being compensated one and one-half times their regular rates of pay for such work performed.  As a result of such policy and practice by Defendant Freightco Acquisitions LLC, Defendant Freightco Acquisitions LLC violated the overtime wage provisions of the CWA and all relevant COMPS Orders.

123.  Adequacy.  Plaintiff is a representative party who will fairly and adequately protect the interests of the Class Members because it is in his interest to effectively prosecute the claims in this Complaint in order to obtain the unpaid wages and penalties required under Colorado law.  Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiff does not have any interest that may be contrary to or in conflict with the claims of the Class Members he seeks to represent.

124.  Commonality. Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact include, but are not limited to:

a.  Whether Defendants required Plaintiff and the Class Members to work in excess of 40 hours per week;

b.  Whether Defendants failed to pay Plaintiff and the Class Members overtime for all hours worked in excess of 40 in a given workweek; and

c.  Whether Plaintiff and the Class Members performed the same or similar job duties.

125.  Common issues of law include, but are not limited to:

      a.  Whether Defendants properly paid all wages due and owing to Plaintiff and the Class Members;

      b.  Whether Plaintiff and the Class Members are exempt from overtime under the FLSA;

      c.  Whether Plaintiffs and the Class Members are entitled to compensatory damages;

      d.  The proper measure of damages sustained by Plaintiffs and the Class Members; and

      e.  Whether Defendants' actions were "willful."

126.  <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any of the Class Members could afford to pursue individual litigation against companies the size of Defendants, doing so would unduly burden the system.  Individual litigation would magnify the delay and expense to all parties and burden the court system with duplicative lawsuits.  Prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

127.  A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court and Judge.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted.  Additionally, class treatment in this matter will provide

for judicial consistency.  The identities of the Class Members are readily identifiable

from Defendants' records.

128.    This type of case is well-suited for class action treatment because: (1)

Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on

each Defendant to prove it properly compensated its employees; and (3) the burden is

on each Defendant to accurately record hours worked by non-exempt employees.

129.    Ultimately, a class action is a superior forum to resolve the Arizona state

law claims set forth in this Complaint because of the common nucleus of operative facts

centered on the continued failure of Defendants to pay Plaintiffs and the Class Action

Members according to applicable Arizona laws.

130.    <u>Nature of Notice to be Proposed</u>.  As to the Rule 23 Class Members, it is

contemplated that notice would be issued giving putative class members an opportunity

to opt out of the class if they so desire, *i.e.* an "opt-out notice."  Notice of the pendency

and resolution of the action can be provided to the Class Members by mail, electronic

mail, print, broadcast, internet, and/or multimedia publication.

## <u>COUNT ONE: FAIR LABOR STANDARDS ACT</u><br><u>UNPAID OVERTIME</u>

131.    Plaintiff realleges and incorporates by reference all allegations in all

preceding paragraphs.

132.    Defendants misclassified Plaintiff and the Collective Members as "exempt"

from overtime under the FLSA.

133.    Defendants operated pursuant to their policy and practice of not paying Plaintiff and the Collective Members one and one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek.

134.    While employed by Defendants, Plaintiff and the Collective Members worked in excess of 40 hours each and every workweek for which they worked for Defendants, and Defendants did not pay to Plaintiff and the Collective Members one-and-one-half times their regular rate of pay for such time.

135.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Collective Members overtime according to the provisions of the FLSA.

136.    Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage and overtime requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

137.    Defendants have and continue to willfully violate the FLSA by not paying Plaintiff and the Collective Members a wage equal to one and one-half times their regular rates of pay for all time spent performing labor for Defendants in excess of their regular 40-hour workweek.

138.    As a result of Defendants failure or refusal to pay Plaintiff and the Collective Members a wage equal to one and one half times Plaintiff's and the Collective Members' regular rates of pay for work they performed for Defendants in

excess of their regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Carl Olson, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendants, for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

<u>**COUNT TWO: COLORADO WAGE ACT & COMPS ORDERS**</u>
<u>**UNPAID OVERTIME**</u>

139.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

140.    At all relevant times, Defendants misclassified Plaintiff and the Class Members as "exempt" from overtime under the CWA and all relevant COMPS Orders.

141.    Defendants operated pursuant to their policy and practice of not paying Plaintiff and the Class Members one and one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek.

142.    While employed by Defendants, Plaintiff and the Class Members worked in excess of 40 hours each and every workweek for which they worked for Defendants,

and Defendants did not pay to Plaintiff and the Class Members one-and-one-half times their regular rate of pay for such time.

143.    In a given workweek, Plaintiff and the Class Members worked in excess of 12 hours within a single day without being compensated one and one-half times their regular rates of pay for such work performed, in violation of the CWA and all relevant COMPS Orders.

144.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Class Members overtime according to the provisions of the CWA and relevant COMPS Orders.

145.    Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Class Members over the course of their employment would violate federal and state law, and Defendants were aware of the CWA and the relevant COMPS Orders' minimum wage and overtime requirements during Plaintiff's and the Class Members' employment. As such, Defendants' conduct constitutes a willful violation of the CWA and the relevant COMPS Orders.

146.    Defendants have and continue to willfully violate the CWA and relevant COMPS Orders by not paying Plaintiff and the Class Members a wage equal to one and one-half times their regular rates of pay for all time spent performing labor for Defendants in excess of their regular 40-hour workweek.

147.    As a result of Defendants failure or refusal to pay Plaintiff and the Class Members a wage equal to one and one half times Plaintiff's and the Collective

Members' regular rates of pay for work they performed for Defendants in excess of their regular 40-hour workweek, Defendants violated the CWA and all relevant COMPS Orders.  Plaintiff and the Class Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 21st Day of August, 2020.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
Christopher J. Bendau
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com